IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| NORRIS TURNER, | HONORABLE JEROME B. SIMANDLE |
|---|---|
| Petitioner, | |
| v. | Civil Action No. 16-9553 (JBS) |
| D. ORTIZ, et al., | **OPINION** |
| Respondents. | |

APPEARANCES:

Norris Turner, Petitioner Pro Se
#13525-052
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

**SIMANDLE, Chief Judge:**

## I. INTRODUCTION

Norris Turner, a federal prisoner confined at FCI Fort Dix, New Jersey, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Docket Entry 1. Based on the affidavit of indigency, the application to proceed *in forma pauperis* shall be granted. For the reasons expressed below, the petition shall be dismissed for lack of jurisdiction.

## II. BACKGROUND

In requesting a writ of habeas corpus, Petitioner asks the Court for a "review of the safety, health, sanitation,

environment conditions rated capacity space 'per inmate', & the contaminated inmates [sic] drinking water," at Fort Dix. Petition at 1 (emphasis omitted). He alleges former Warden Jordan Hollingsworth and present Warden D. Ortiz "'are knowingly continuing to' ignore & violate the required minimum 60 sq. ft., of unencumbered space 'per inmate', in violation of P.S. 1060.11." *Id.* ¶ 8 (emphasis omitted).

Petitioner alleges the conditions of his confinement at Fort Dix violate the Eighth Amendment's prohibition on cruel and unusual punishment "because of the imminent danger(s), fire hazard(s), safety concerns(s), sanitation, environment conditions, & each inmates required, & violated 60 sq. ft., & the serious mental, emotional, & physical deterioration, inter alia, that have been unlawfully, & unconstitutional [sic] implemented by the named Respondents . . . ." *Id.* ¶ 15. "All of the housing units, & several other buildings at [Fort Dix], 'are' at minimum 50 years old, some with roof leaks, many, if not all have mold covering the restroom area wall(s), ceilings, & shower floors (WHICH ARE PAINTED WHEN ANY OUTSIDERS VISIT [FORT DIX]), shower drains clogged up at times for days . . . of which said leaks are mostlikely [sic] shower water waste, & stool, and/or urine waste . . . ." *Id.* ¶ 19 (emphasis omitted). He further alleges it "'is always warm' during the summer weather" and the units are not properly air conditioned. *Id.*

(emphasis omitted). "These facts are besides each inmates, including correction officers 'being exposed to asbestos' in said housing units, & inhaling jet fuel fumes, inter alia, depending on the wind direction." *Id.* (emphasis omitted).

Petitioner further alleges that "[o]ne of the greatest issues suffered by the inmates at [Fort Dix], 'is the overcrowding', & the violated 60 sq. ft., of unencumbered space 'per inmate, inter alia.'" *Id.* ¶ 25 (emphasis omitted). He generally alleges that the conditions of his and other inmates' confinement violate the Eighth Amendment, and that the wardens have intentionally ignored the situation as they "'are only interested' in the revenue stream from the overcrowding at [Fort Dix]" and have gone so far as to falsify the "rated capacity forms" sent to the Bureau of Prisons regional director. *Id.* ¶¶ 20, 22 (emphasis omitted).

The petition asks the Court to intervene in the housing situation and to direct Fort Dix to test its water supply. *Id.* ¶ 28. He requests that "until said corrections, health, & safety issues, inter alia, 'are completely corrected', each inmate shall be entitled to receive three (3) days for every one (1) day served at [Fort Dix], due to the overcrowding occupancy housing unit max, health, & safety issues . . . ." *Id.* (emphasis omitted).

Petitioner submitted his petition on December 15, 2016 along with a motion for a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65, docketed as a civil complaint in Civil Action No. 16-9493. The Court wrote to Petitioner asking whether he intended the motion to be filed with his § 2241 or if he intended it to be filed as a separate action. Court's January 5, 2017 Letter, Docket Entry 2. Petitioner responded to the Court and requested that the TRO be filed in his habeas matter. Application to Consolidate, Docket Entry 3.[1]

### III. STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

---

[1] In accordance with Petitioner's request, the TRO motion shall be filed in this action and Civil Action No. 16-9493 shall be closed.

4

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable by Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

**IV. DISCUSSION**

Petitioner raises several challenges to the conditions of his confinement, including overcrowding, contaminated water and air, and generally unsanitary conditions. These are claims that are more appropriately brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Accordingly, the Court lacks jurisdiction to consider them under § 2241.

Civil rights actions and habeas petitions "are not coextensive either in purpose or effect." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The claims raised by Petitioner are not attacks on the "fact or duration" of his confinement. He does not claim his original conviction and sentence are unconstitutional, nor does he assert the Bureau of Prisons has

miscalculated his sentence or unlawfully deprived him of earned good time credits. Rather, his allegations are that the *conditions* of his confinement are unconstitutional under the Eighth Amendment. As such, they are not appropriately before the Court in a habeas petition. *See id.* at 498-99 (citing cases); *Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (holding claims of inadequate medical care and overcrowded prison conditions "do not sound in habeas corpus"). The Court therefore lacks jurisdiction over the habeas corpus petition and will dismiss it.

The dismissal is without prejudice to Petitioner's right to file a *Bivens* complaint raising his conditions of confinement claims. "Petitioner is on notice, however, that the filing fee for a civil action is $400 and that the prerequisites for *in forma pauperis* status in an action under *Bivens* are different than those in a habeas case." *Eiland v. Hollingsworth*, No. 15-2995, 2015 WL 3604141, at *2 (D.N.J. June 8, 2015), *aff'd as modified Eiland*, 634 F. App'x 87. The Court makes no findings as to whether Petitioner has otherwise complied with the procedural and statutory prerequisites for filing a civil rights action.

## V. CONCLUSION

Based on the foregoing, this Court will consolidate the matters into this habeas action and dismiss the petition for lack of jurisdiction.

miscalculated his sentence or unlawfully deprived him of earned good time credits. Rather, his allegations are that the *conditions* of his confinement are unconstitutional under the Eighth Amendment. As such, they are not appropriately before the Court in a habeas petition. *See id.* at 498-99 (citing cases); *Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (holding claims of inadequate medical care and overcrowded prison conditions "do not sound in habeas corpus"). The Court therefore lacks jurisdiction over the habeas corpus petition and will dismiss it.

The dismissal is without prejudice to Petitioner's right to file a *Bivens* complaint raising his conditions of confinement claims. "Petitioner is on notice, however, that the filing fee for a civil action is $400 and that the prerequisites for *in forma pauperis* status in an action under *Bivens* are different than those in a habeas case." *Eiland v. Hollingsworth*, No. 15-2995, 2015 WL 3604141, at *2 (D.N.J. June 8, 2015), *aff'd as modified Eiland*, 634 F. App'x 87. The Court makes no findings as to whether Petitioner has otherwise complied with the procedural and statutory prerequisites for filing a civil rights action.

## V. CONCLUSION

Based on the foregoing, this Court will consolidate the matters into this habeas action and dismiss the petition for lack of jurisdiction.

An accompanying Order will be entered.

**May 11, 2017**     **s/ Jerome B. Simandle**
Date                 JEROME B. SIMANDLE
                     Chief U.S. District Judge